IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JESUS TARIN URIAS, )
a/k/a Urias Jesus Tarin )
 )
      Petitioner, )
 )
v. ) Case No. 09-CV-063-JHP
 )
UNITED STATES OF AMERICA, )
 )
      Respondent. )

## ORDER

Before the Court is Petitioner Jesus Tarin Urias' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 1] and the United States of America's Response in opposition to the Motion [Docket No. 4]. For the reasons stated herein, Petitioner's Motion is DENIED.

## BACKGROUND

On March 21, 2005 Jesus Tarin Urias ("Petitioner") was charged by way of complaint with possession with intent to distribute methamphetamine. After being indicted by the United States Grand Jury, Petitioner entered a plea of guilty to the single count Indictment on May 9, 2005. On October 7, 2005, this Court sentenced Petitioner to 108 months imprisonment, a sentence within the guideline range. A Judgment was entered against Petitioner on October 31, 2005. Petitioner never appealed his sentence.

On December 12, 2008, Petitioner, a federal prisoner appearing *pro se*, filed a "Motion to Correct Final Sentence Pursuant to 18 § 3742." Because the Court did not have jurisdiction to

1

correct its own sentence under 18 U.S.C. § 374(a)(1), the Court treated Petitioner's motion as a Notice of Appeal and denied it as untimely.[1] Additionally, in order to construe the *pro se* filing as liberally as possible, the Court gave notice of its intent to recharacterize the motion as one filed pursuant to 28 U.S.C. § 2255. In accordance with the holding in *Castro v. United States*, 540 U.S. 375 (2003), the Court provided Petitioner with thirty days to either withdraw the motion or amend it to include all the § 2255 claims he believes he has. Additionally, the Court advised Petitioner that it appeared his § 2255 motion would be barred by the one-year statute of limitations and subject to dismissal as untimely. The Court also ordered Petitioner to show cause why his § 2255 motion should not be barred by the statute of limitations if he chose not to withdraw the Motion. Petitioner did not withdraw or amend his Motion within the given time. The Respondent, the United States of America, was directed to respond to Petitioner's § 2255 motion. Despite the fact that the Court indicated that Petitioner's motion was likely barred by the one-year statute of limitations, the government did not address the issue in its response brief. Rather, the government only addressed the substantive merits of Petitioner's Motion.

Petitioner argues that his status as an illegal alien creates an unreasonable disparity between his sentence and those given to United States citizens. Petitioner asserts that aliens are deprived of one year of sentencing relief available to citizens who complete the drug treatment program provided for in 18 U.S.C. § 3621(e) and that he is not allowed to spend six months in a half-way house pursuant to § 3624(c), which is normally afforded inmates nearing the end of the incarceration portion of their sentence. Petitioner further alleges that this Court did not

---

[1] The Court's Order is Docket No. 14 in Case No. 05-CR-036-JHP-1, which is the case number for Petitioner's original criminal case. Once the Court recharacterized Petitioner's motion as a § 2255 motion, it was given its current case number 09-CV-63-JHP.

properly consider this disparity when imposing his sentence and requests that his sentence be reduced by a period of up to eighteen (18) months. The government argues that the Tenth Circuit case *United States v. Mendoza-Lopez*, 7 F.3d 1483 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998), is controlling precedent on this issue and requires denial of Petitioner's claim.

## DISCUSSION

### A. Statute of Limitations

The United States Supreme Court has held "that district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Although this case involves a habeas petition filed by a federal rather than a state prisoner, the Tenth Circuit has found that "district courts are also 'permitted but not obligated' to review, *sua sponte*, a *federal* prisoner's § 2255 motion to determine whether it has been timely filed." *United States v. Declerck*, 252 Fed.Appx. 220, 224 (10th Cir. 2007). In *Day*, however, the Court found that there was no "intelligent waiver" of the limitations defense by the State, but only "an evident miscalculation of the elapsed time under a statute designed to impose a tight time constraint on federal habeas petitioners." *Day*, 547 U.S. at 202. Further, the Court stated "we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense." *Id*.

In this case, the Court clearly indicated its belief that Petitioner's motion was barred by § 2255's one-year statute of limitations due to the fact that it was filed more than three years after his judgment of conviction became final. Nevertheless, the government did not raise the limitations defense in its Response to Petitioner's motion. Based on the language in the Court's

3

previous Order and the fact that Petitioner's motion was filed more than three years after his Judgment became final, the Court finds that the government's failure to raise the limitations defense is a deliberate and intelligent waiver of the defense. This is not a situation that involves an apparent miscalculation of time by the government as was the case in *Day*. Accordingly, the Court will not override the government's deliberate waiver of the statute of limitations defense by *sua sponte* dismissing Petitioner's motion as untimely.

**B. Procedural Bar**

Relief under § 2255 "is not available to test the legality of matters which should have been raised on appeal." *United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992) (quoting *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987)). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377 (10th Cir. 1994). In this case, Petitioner did not pursue a direct appeal of his sentence, however, the government did not raise procedural bar in its Response. When the government does not raise procedural bar, the court "may raise and enforce it sua sponte, if doing so furthers 'the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice.' " *Id.* at 378-79 (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)). Here, the Court finds it can best serve the interest of justice by proceeding to the merits of Petitioner's claim because he is clearly not entitled to the relief sought.

## C. § 2255 Analysis

A petitioner is entitled to relief pursuant to § 2255, if he can prove that: (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The statute further states that unless the motion and the files and records of the case conclusively show that the movant is not entitled to relief, the court must hold an evidentiary hearing on the motion. 28 U.S.C. § 2255(b). Because Petitioner's arguments do not fall under any of the four grounds for relief listed in § 2255(a), his motion is denied without an evidentiary hearing.

Petitioner argues that his sentence should be reduced by 18 months because, as an alien, he does not receive credit for completing a drug treatment program and he is not allowed to serve his last six months in a halfway house. He claims that this Court failed to consider these factors when imposing his sentence, and consequently, his sentence is unreasonable and in violation of the law. The legal arguments in Petitioner's *pro se* motion are difficult to follow at times, but it is obvious that he is not arguing that th Court lacked jurisdiction to impose his sentence. Additionally, Petitioner's sentence was not in excess of the maximum authorized by law.[2] Thus, the first two grounds have no application here.

To the extent Petitioner's arguments can be construed as a claim that his sentence violates the equal protection clause of the Fifth Amendment, this claim must also be rejected.

---

[2] The maximum punishment for Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) is life in prison. Petitioner was sentenced to 108 months, far below the maximum authorized by law.

First, an equal protection claim "is properly brought under 28 U.S.C. § 2241, rather than under § 2255, because it concerns the *execution* of his sentence." *United States v. Tamayo*, 162 Fed.Appx. 813, 815 (10th Cir. 2006). Due to Petitioner's pro se status, the Court will treat his motion, in part, as a § 2241 motion. A motion pursuant to § 2241 must be filed in the district where the prisoner is confined at the time of filing. *See Santillanes v. U.S. Parole Com'n*, 754 F.2d 887, 888 (10th Cir. 1985). At the time of filing, Petitioner was incarcerated in FCI Dalby Correctional Institute in Post, Texas [See Docket No.5], but his Motion was filed in the District Court for the Eastern District of Oklahoma. Normally, this Court would be required to transfer Petitioner's motion to the correct federal district pursuant to 28 U.S.C. § 1631. However, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). After taking a "peek at the merits" of Petitioner's equal protection claim, the Court finds that transferring it would be a waste of judicial resources. In an unpublished opinion, the Tenth Circuit denied a similar argument by a prisoner and found that courts which have addressed the issue "have reasoned that denying deportable aliens the opportunity to participate in certain pre-release programs does not violate equal protection." *Tamayo*, 162 Fed.Appx. at 816. The Court agrees with the reasoning set forth in *Tamayo* and finds that Petitioner's equal protection claim is without merit and should be denied without being transferred.

Because Petitioner's Constitutional argument fails, the only remaining ground for relief under § 2255 is that his sentence is otherwise subject to collateral attack. The scope of a collateral attack pursuant to § 2255 which is not based on a jurisdictional or constitutional error,

however, is very limited.  *United States v. Addonizo*, 442 U.S. 178, 185 (1979).  The Supreme Court has "held that an error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.' "  *Id*. (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Although a sentencing court may, in its discretion, grant a downward departure based on collateral consequences of alienage, Petitioner was in no way *entitled* to a departure or variance.  *Tamayo*, 162 Fed.Appx. at 815, n.2.  While Petitioner did not raise his current argument at sentencing, the Court was aware of his alien status and the potential consequences of that status at the time his sentence was imposed.  Simply put, the Court's imposition of a guideline sentence in this case was not a fundamental defect which resulted in a miscarriage of justice.

Finally, even if Petitioner had asked at sentencing for a downward departure or reduced sentence based on his status as a deportable alien, the Court, in its discretion, would not have granted it.  A defendant's alienage can "serve as a valid basis for departure if those consequences were extraordinary in nature or degree."  *United States v. Restrepo*, 999 F.2d 640, 644 (2d Cir. 1993).  Even though alienage is a possible basis for departure, "the common facts of a long sentence and likely deportation are not by themselves extraordinary."  *United States v. Maldonado*, 242 F.3d 1, 5 (1st Cir. 2001).  In this case, the record indicates no facts that would cause the consequences suffered by Petitioner to be extraordinary compared to those suffered by other aliens.  There is nothing atypical that makes Petitioner's situation fall outside of the "heartland" of the guidelines.  *See Unites States v. Garay*, 235 F.3d 230 (5th Cir. 2000).  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is denied without hearing because the record conclusively shows that he is not entitled to any relief.

## CONCLUSION

For the reasons stated above, Petitioner's Motion [Docket No.1] is DENIED without an evidentiary hearing.


IT IS SO ORDERED 22nd day of April, 2009.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma